NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK HABLE,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>BENN GODENZI,<br><br>    Defendant - Appellee. | No. 24-646<br><br>D.C. No.<br>2:22-cv-02012-GMN-BNW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted December 2, 2024
San Francisco, California

Before: BENNETT, BRESS, and FORREST, Circuit Judges.
Dissent by Judge BRESS.

Appellant Patrick Hable appeals from the district court's order dismissing his

federal and state securities fraud claims against Appellee Benn Godenzi. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review *de novo* dismissals for failure to state a claim under Federal Rule

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of Civil Procedure 12(b)(6)." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009). We accept all well-pleaded allegations as true. *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1205 (9th Cir. 2016).

1.    ***Section 10(b) and Rule 10b–5 claim.*** "To state a claim under Section 10(b) and Rule 10b-5(b) [of the Securities Exchange Act of 1934], plaintiffs must allege: (1) a material misrepresentation or omission ('falsity'), (2) made with scienter, (3) in connection with the purchase or sale of a security, (4) reliance on the misrepresentation or omission, (5) economic loss, and (6) loss causation." *In re Genius Brands Int'l, Inc. Sec. Litig.*, 97 F.4th 1171, 1180 (9th Cir. 2024). Hable's claim asserted under Section 10(b) and Rule 10b–5 is subject to the heightened pleading standard required by the Public Securities Litigation Reform Act (PSLRA) and Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* The PSLRA requires that the complaint "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Rule 9(b) similarly requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "These heightened standards apply 'to all elements of a securities fraud action.'" *In re Genius Brands Int'l*, 97 F.4th at 1181 (quoting *Oregon Pub. Emps. Ret. Fund v. Apollo Grp., Inc.*, 774 F.3d

598, 605 (9th Cir. 2014)).

*Falsity.* To plead falsity, a complaint "must allege a misrepresentation or a misleading omission with particularity and explain why it is misleading." *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1274 (9th Cir. 2017). "[Section] 10(b) and Rule 10b–5(b) do not create an affirmative duty to disclose any and all material information. Disclosure is required under these provisions only when necessary 'to make . . . statements made, in the light of the circumstances under which they were made, not misleading.'" *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011) (alteration in original) (quoting 17 C.F.R. § 240.10b–5(b)). "[A] statement is misleading if it would give a reasonable investor the 'impression of a state of affairs that differs in a material way from the one that actually exists.'" *Retail Wholesale*, 845 F.3d at 1275 (alteration in original) (quoting *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985 (9th Cir. 2008)).

Here, Hable contends that Godenzi's statements about litigation he filed in Singapore against Ecomi Technology PTE Limited—that "[t]he dispute was settled and we parted ways amicably" and that "the [Ecomi] team didn't pay our contract for a year which led to a lawsuit and of course a settlement"—gave the misleading impression that Godenzi had no ongoing legal disputes with Ecomi. However, read in context, Godenzi's statements referred specifically to the Singapore litigation.

Godenzi therefore did not have a duty to disclose the New Zealand lawsuit that he brought against Ecomi's parent company when he made the challenged statements about the Singapore litigation. Moreover, Hable failed to allege *why* a reasonable investor would interpret Godenzi's challenged statements to mean that all litigation between him and Ecomi and its parent company was resolved. *See* 15 U.S.C. § 78u-4(b)(1) (requiring a complaint to specify "the reason or reasons why the statement is misleading"). Accordingly, Hable failed to adequately allege falsity.[1]

*Scienter.* To plead scienter, "a complaint must 'allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness.'" *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009)). Deliberate recklessness is "'an *extreme* departure from the standards of ordinary care,' which 'presents a danger of misleading buyers or sellers that is either known to the defendant or is so *obvious* that the actor must have been aware of it.'" *Id.* (emphasis in original) (quoting *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 705 (9th Cir. 2016)). A complaint adequately pleads scienter when, viewing all the allegations holistically, "a reasonable person would deem the inference of scienter

---

[1]Hable's additional arguments that the two lawsuits were closely related and that Godenzi's statements were capable of objective verification do not cure the First Amended Complaint's deficiencies under the heightened pleading standards of the PSLRA and Rule 9(b).

cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Matrixx Initiatives*, 563 U.S. at 48 (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007)).

Here, Hable's allegations do not support a "strong inference" that Godenzi was "intentionally or with deliberate recklessness seeking to mislead the market about" the status of his legal disputes with Ecomi. *Nguyen*, 962 F.3d at 419. Rather, the more plausible inference is that Godenzi was merely explaining that the Singapore litigation was resolved.

Because Hable failed to adequately allege falsity and scienter, we affirm the district court's dismissal of his federal securities fraud claim. *See No. 84 Emp.-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920, 931–32 (9th Cir. 2003) ("If a plaintiff fails to plead either the alleged misleading statements or scienter with particularity, his or her complaint must be dismissed.").

**2.    *State law claims.*** Under the Nevada Securities Act, a plaintiff must allege that the defendant "[m]a[d]e an untrue statement of a material fact or omit[ted] to state a material fact necessary in order to make the statements made not misleading in the light of the circumstances under which they [we]re made." Nev. Rev. Stat. § 90.570(2). For the reasons discussed above, Hable failed to sufficiently allege that any of Godenzi's statements were untrue or that disclosure of the New

Zealand litigation was necessary to make his statements not misleading. Accordingly, Hable failed to state a claim under the Nevada Securities Act.

A common law fraud claim similarly requires a plaintiff to allege that the defendant (1) made a false representation that the defendant knows or believes is false, *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998); or (2) concealed or suppressed a material fact that the defendant had a duty to disclose, *Leigh-Pink v. Rio Properties, LLC*, 512 P.3d 322, 325 (Nev. 2022). Because Hable failed to sufficiently allege that Godenzi made a false representation or concealed a material fact that he was under a duty to disclose, he also failed to state a claim for common law fraud. Accordingly, we affirm the district court's dismissal of Hable's claims under Nevada law.

**AFFIRMED.**

*Hable v. Godenzi*, 24-646

BRESS, Circuit Judge, dissenting:

The majority concludes that plaintiff Hable failed to plead a material misrepresentation or misleading omission and scienter. In doing so, the majority overlooks the most salient facts in this case and erroneously affirms the district court's Rule 12(b)(6) dismissal of the plaintiff's complaint.

Defendant Godenzi was "the largest investor" in the cryptocurrency security that he personally sold to Hable. In fact, Godenzi was not only the largest investor, but he was also hired by Ecomi "to advise the company on how to structure" the security. In a one-on-one conversation between Hable and Godenzi discussing Hable's potential purchase of the cryptocurrency, Godenzi told Hable that Ecomi "didn't pay our contract for a year which led to a lawsuit *and of course a settlement*." Although Godenzi mentioned that this lawsuit against Ecomi had settled (the Singapore lawsuit), he did not mention that he still had an ongoing lawsuit against Ecomi (the New Zealand lawsuit). In the New Zealand litigation, Godenzi alleged that Ecomi "failed to pay him" for his investment. Moreover, the New Zealand lawsuit was not publicly available information. Hable proceeded to purchase approximately $12 million of the cryptocurrency from Godenzi. Several months before the one-on-one discussion between Hable and Godenzi that led directly to the sale of cryptocurrency, Godenzi had publicly discussed the Singapore lawsuit,

stating that "[t]he dispute was settled and we parted aways amicably." Here too, he did not mention the New Zealand lawsuit.

In terms of whether Godenzi made a material misrepresentation or misleading omission, the question is whether Godenzi's statements that one lawsuit against Ecomi settled, without his mentioning that he had another lawsuit pending, "would give a reasonable investor the 'impression of a state of affairs that differs in a material way from the one that actually exists.'" *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017) (quoting *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985 (9th Cir. 2008)). The majority is correct that "read in context, Godenzi's statements referred specifically to the Singapore litigation." But the majority is incorrect that "Godenzi therefore did not have a duty to disclose the New Zealand lawsuit." Rather, "'once defendants choose to tout' positive information to the market, 'they are bound to do so in a manner that wouldn't mislead investors,' including disclosing adverse information that cuts against the positive information." *Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698, 706 (9th Cir. 2016) (quoting *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 987 (9th Cir. 2008)).

If Godenzi had not affirmatively told Hable that Ecomi "didn't pay our contract for a year which led to a lawsuit and of course a settlement," then perhaps he would have no obligation to bring up either the Singapore litigation or the New

Zealand litigation. But once Godenzi "tout[ed] positive information" that the Singapore litigation settled, he became "bound to do so in a manner that wouldn't mislead investors." *Schueneman*, 840 F.3d at 706 (quoting *Berson*, 527 F.3d at 987). This required "disclosing adverse information that cut[] against the positive information" that the Singapore lawsuit settled, specifically that the settlement agreement carved out Hable's New Zealand lawsuit, which he continued to litigate. *Id.*

There is no question that the Singapore lawsuit was material, especially at the Rule 12(b)(6) stage. "The materiality of . . . an omission depends upon whether there is 'a substantial likelihood that [it] would have been viewed by the reasonable investor as having significantly altered the total mix of information made available' for the purpose of decisionmaking by stockholders concerning their investments." *Retail Wholesale*, 845 F.3d at 1274 (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988) (internal quotations omitted)). The complaint alleges that Godenzi, the "largest investor" in the security—who also "incubated [E]comi from the business model to the token ecosystem"—was suing Ecomi for not complying with the terms of his investment. A reasonable investor would view this information "as having significantly altered the total mix of information made available" about whether to invest in the cryptocurrency. *Id.* (quoting *Basic Inc.*, 485 U.S. at 232).

For similar reasons, Hable has sufficiently pleaded scienter, which requires

3                                                                                    24-646

that his complaint "allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness." *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009)). A "strong inference" of scienter under the PSLRA requires that "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007)). The complaint alleged that Godenzi did not disclose the New Zealand lawsuit "because he intended to sell [his cryptocurrency] that he would otherwise have been unable to sell at his desired price or, alternatively or additionally, because he knew that Hable would not buy the tokens if he knew the truth."

In the New Zealand lawsuit, we have the largest investor in and the architect of a cryptocurrency security suing the company that issued the security for not paying him for his investment. The largest investor tells a potential buyer in a one-on-one discussion that a *different* lawsuit he brought against the company has settled without disclosing that the New Zealand lawsuit, whose existence is not public information, is ongoing. The largest investor proceeds to offload $12 million of the security to the buyer. A few months later, when the other lawsuit becomes public information, the security declines 36% in value. Especially given the one-on-one interaction between the parties, the seller's failure to disclose to the buyer his

nonpublic lawsuit against the company raises a strong inference that the seller either intended to conceal or was deliberately reckless in not disclosing the lawsuit. In this case, "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* (quoting *Tellabs*, 551 U.S. at 324).

For these reasons, I would reverse the Rule 12(b)(6) dismissal of Hable's securities fraud complaint. Given my reasoning on the federal claims, I would likewise reverse on the state law claims. I respectfully dissent.